IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G.A.,[1]

      **Plaintiff,**

v.

      Case No. 23-2167-DDC

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff's attorney has filed an "Unopposed Motion for an Award of Attorney Fees Pursuant to the Equal Access to Justice [Act]" (Doc. 8). The motion asks the court to award $1,100 in attorney's fees under 28 U.S.C. § 2412. *See id.* at 1. The government doesn't oppose the requested fee award. *See generally id.* (describing the fees award as "unopposed"). But plaintiff's attorney fails to explain how he arrived at $1,100, so the court can't yet rule on the motion, as explained below.

The Equal Access to Justice Act provides that "a court shall award to a prevailing party[,] other than the United States[,] fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The court doesn't find—and the government doesn't argue—that its position was substantially justified, or any circumstances make an award unjust. But the court's inquiry can't end there.

---

[1]     The court uses plaintiff's initials here to preserve privacy interests.

That's because the court has a duty to review the reasonableness of a request for attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The court should approve fees for "all hours reasonably expended on the litigation[.]" *Id.* at 435. And hours count as reasonably expended when they were "necessary under the circumstances." *Southern v. Kijakazi*, No. 21-2053-JWB, 2021 WL 5493073, at *1 (D. Kan. Nov. 23, 2021) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). Also, an attorney must bill the hours at a "reasonable hourly rate." *Robinson*, 160 F.3d at 1281 (internal quotation marks omitted) (first citing *Hensley*, 461 U.S. at 433; then citing *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)). Section 2412 allows a maximum hourly rate of $125, which the court may increase for cost of living or other special factors. 28 U.S.C. § 2412(d)(2)(A)(ii); *accord Sieber v. Berryhill*, No. 17-2630-JWL, 2018 WL 3389888, at *2 (D. Kan. July 12, 2018) (citing *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993)).

Here, the court finds—and the parties don't dispute—that plaintiff is a prevailing party in a civil action against the United States and thus deserves to recover fees and expenses incurred.[2] Specifically, plaintiff prevailed in a Social Security appeal against the United States. *See* Doc. 6. Plaintiff's attorney now asks the court to award him a fee of $1,100. But he fails to explain how he arrived at that number.

"The party seeking attorney fees bears the burden of proving that [the] request is reasonable and must 'submit evidence supporting the hours worked.'" *Martin v. Colvin*, 198 F. Supp. 3d 1248, 1251 (D. Kan. 2016) (quoting *Hensley*, 461 U.S. at 433, 434). Plaintiff's counsel hasn't provided any information about the hours he devoted to the matter. His motion doesn't

---

[2] The United States doesn't argue that its position was substantially justified, so the court needn't address this question.

allow the court to fulfill its duty to review the reasonableness of the request.  The court thus orders plaintiff to file a supplemental brief to remedy this shortcoming.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff has 20 days to file supplemental briefing, and his motion (Doc. 8) remains pending.

**IT IS SO ORDERED.**

Dated this 10th day of August, 2023, at Kansas City, Kansas.

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
