IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**G.A.,**[1]

       **Plaintiff,**

v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

       **Defendant.**

Case No. 23-2167-DDC

## MEMORANDUM AND ORDER

Plaintiff's counsel has filed an "Unopposed Motion for Award of Attorney Fees Pursuant the Equal Access to Justice [Act] 28 U.S.C. § 2412(d)." Doc. 8. The court previously ordered plaintiff to file supplemental briefing, providing information about time spent on the case so the court could review the reasonableness of the requested attorney fees. Doc. 9. Plaintiff's counsel filed a Supplemental Brief, including time entries showing actual hours devoted to plaintiff's case. Doc. 10. The court finds that plaintiff, as the party seeking attorney fees, has met the burden of proving that the request is reasonable and grants the Motion for Award of Attorney Fees (Doc. 8).

The Equal Access to Justice Act provides that "a court shall award to a prevailing party[,] other than the United States[,] fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

---

[1]     The court uses plaintiff's initials here as part of its efforts to preserve privacy interests.

The court has a duty to review the reasonableness of a request for attorney fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "The government bears the burden of showing that its position was substantially justified." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). And the "party seeking attorney fees bears the burden of proving that [the] request is reasonable and must 'submit evidence supporting the hours worked.'" *Martin v. Colvin*, 198 F. Supp. 3d 1248, 1251 (D. Kan. 2016) (quoting *Hensley*, 461 U.S. at 433–34). The court should approve fees for "all hours reasonably expended on the litigation[.]" *Hensley*, 461 U.S. at 435. And hours count as reasonably expended when they were "necessary under the circumstances." *Southern v. Kijakazi*, No. 21-2053-JWB, 2021 WL 5493073, at *1 (D. Kan. Nov. 23, 2021) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). Also, an attorney must bill the hours at a "reasonable hourly rate." *Robinson*, 160 F.3d at 1281 (internal quotation marks omitted) (first citing *Hensley*, 461 U.S. at 433; then citing *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)).

Section 2412 allows a maximum hourly rate of $125, which the court may increase for cost of living or other special factors. 28 U.S.C. § 2412(d)(2)(A)(ii); *accord Sieber v. Berryhill*, No. 17-2630-JWL, 2018 WL 3389888, at *2 (D. Kan. July 12, 2018) (citing *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993)). Any "cost of living adjustment must be made according to the consumer price index for the year in which the fees were earned." *Martin*, 198 F. Supp. 3d at 1254 (D. Kan. 2016). Our court "routinely" uses the Midwest Region Consumer Price Index to calculate the cost of living adjustment to the $125 statutory cap. *Southern*, 2021 WL 5493073, at *2 (awarding an hourly rate of $209.85); *L.S. v. Kijakazi*, No. 22-1252-DDC, 2023 WL 5152632, at *1 (D. Kan. Aug. 10, 2023) (awarding fees at an hourly rate of $225 for

work in 2022 and $231 for work in 2023); *Barnett v. Saul*, No. CV 19-2675-JWL, 2020 WL 7388611, at *3 (D. Kan. Dec. 16, 2020) (awarding an hourly rate of $196.31).

The court finds that plaintiff is a prevailing party in a civil action against the United States and thus is entitled to recover fees and expenses incurred. And the United States hasn't argued that its position was substantially justified, or that any circumstances make an award unjust. The court also finds that plaintiff's counsel has submitted a reasonable hourly rate. Counsel submitted an itemized invoice detailing the time spent on this case. Plaintiff seeks an award of attorney fees in the amount of $1,100.00 based on 6.7 hours worked, as set out in plaintiff's Supplemental Brief (Doc. 10 at 3–4).[2] That comes out to $164.18 per hour. The court finds that plaintiff's requested hourly rate falls within the prevailing market rate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice, 28 U.S.C. § 2412(d)" (Doc. 8) is granted. Under 28 U.S.C. § 2412, plaintiff is granted attorney's fees in the amount of $1,100. The United States shall make the check payable to plaintiff and mailed to plaintiff's attorney's address.

**IT IS SO ORDERED.**

---

[2] Plaintiff's counsel didn't show how he arrived at $1,100. Instead, plaintiff's counsel attached time entries showing that he billed 6.7 hours at a rate of $475.00 per hour. Doc. 10 at 3–4. He explained that the "hours worked is accurate, but the rate of pay is higher than that which has been requested and is unopposed." *Id.* at 2.

Counsel usually calculates the attorney's fee request using the statutory maximum hourly rate of $125, multiplied by the consumer price index ("CPI") for the Midwest Region, and divided by the CPI for the month when the statutory cap was imposed (March 1996). Although plaintiff's counsel didn't show his calculations, his final, unopposed requested fee fits squarely within the amount this court previously has awarded. Thus, the court finds plaintiff's counsel's requested attorney's fees reasonable.

Dated this 8th day of September, 2023, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge
